1  Andrew R. Wiener (S.B. #115254)
   LAW OFFICE OF ANDREW R. WIENER
2  58 Maiden Lane, 2nd Floor
   San Francisco, CA 94108
3  Telephone: (415) 365-4002
   Facsimile: (415) 391-0555
4
   Attorneys for Defendant-in-Interpleader,
5  HARRY K. JEUNG

6

7

8

9

10

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14 NEW YORK LIFE INSURANCE COMPANY, )  Case No. C 06 3201 CRB
                                    )
15                Plaintiff-in-Interpleader, )  **STIPULATED PROTECTIVE ORDER**
                                    )  **BETWEEN DEFENDANT HARRY K.**
16      v.                          )  **JEUNG AND DEFENDANT CHEUK**
                                    )  **PING WONG**
17 HARRY K. JEUNG, an individual; CHEUK )
   PING WONG, an individual,        )
18                                  )
                  Defendants-in-Interpleader )
19 _____ )

20

21      Defendant-in-Interpleader HARRY K. JEUNG and Defendant-in-Interpleader CHEUK PING

22 WONG (hereinafter collectively referred to herein as "Defendants"), by and through their respective

23 counsel of record herein, hereby mutually agree and stipulate, as follows:

24      1.   Any writing produced by any party in this action, and any transcript of any deposition

25 or other transcribed proceeding in this action (collectively referred to as "DOCUMENT"), may be

26 designated as "CONFIDENTIAL" if the party in good faith believes that the DOCUMENT contains

27 proprietary information, confidential business information, trade secrets or other confidential

28 information.

2. When any DOCUMENT is claimed to be CONFIDENTIAL, all confidential pages shall be stamped and marked on the page with the stamp, **"CONFIDENTIAL**." This stamp shall appear on each page of any such DOCUMENT and any page of any brief, memorandum, written discovery or other paper filed with the Court in this action in which the substance of any DOCUMENT designated as CONFIDENTIAL is disclosed.

3. Any DOCUMENT designated and marked as CONFIDENTIAL pursuant to paragraphs 1 and 2 of this Protective Order shall be subject to the protection of this Order unless and until the Court rules that the material is neither confidential nor otherwise entitled to the protection of this Order. Any DOCUMENTS designated as CONFIDENTIAL pursuant to paragraphs 1 and 2 of this Order and which designation has not been voluntarily withdrawn or ordered withdrawn by this Court, are hereinafter referred to as "CONFIDENTIAL MATERIAL."

4. Except as provided in paragraph 5 below, no one, except the producer of the DOCUMENT, may read CONFIDENTIAL MATERIAL without permission from this Court and no one, except the producer of the DOCUMENT, may disclose or reveal the substance or content of such CONFIDENTIAL MATERIAL so marked, or any portion thereof, to anyone other than those permitted to read the same.

5. The Court grants the following persons permission to read but not otherwise to disclose or reveal CONFIDENTIAL MATERIAL:

   A. Stenographic reporters, as necessarily incident to this action, any court appointed discovery referee, and any mediator who is a retired judge;

   B. The Parties and counsel of record in the action, those persons who are assisting such counsel in this action, and those who are under the direct supervision of such counsel. Counsel of record shall ensure that all other permitted persons agree, in writing, to be bound by the terms of this Protective Order, which agreement shall acknowledge receipt of a copy of this Stipulated Protective Order and acknowledge his understanding of the terms and conditions thereof.

   C. Any independent retained expert witness who is intended to be called as such on the trial of this action and any persons assisting that expert witness and who are under the direct supervision of that expert witness, provided that the expert witness and such persons assisting him/her

1  agree in writing to be bound by the terms of this Protective Order, acknowledge receiving a copy of
2  this Protective Order and acknowledge understanding the terms and conditions thereof.  It shall be
3  the responsibility of retaining counsel to procure such written agreement, provide a copy thereof to
4  counsel for the Party requesting the confidentiality, and to maintain a record thereof;

5        D.      Any deposition reporter who is present when either CONFIDENTIAL
6  MATERIAL or other confidential information is provided by deposition or used in the deposition,
7  provided that the reporter agrees in writing to be bound by the terms of this Protective Order,
8  acknowledges receiving a copy of this Protective Order, acknowledges understanding the terms and
9  conditions thereof, and agrees to prepare the deposition transcript consistent with this Stipulation and
10 Protective Order, including sealing portions of the transcript where necessary.

11       E.      Any deposition witness who is to be questioned concerning such
12 CONFIDENTIAL MATERIAL provided that the witness is provided with a copy of this Protective
13 Order, acknowledges that he/she understands the terms and conditions thereof and is told on the
14 record that he/she is bound by its terms and conditions;

15       F.      Any person whose name appears on the CONFIDENTIAL MATERIAL as an
16 author or recipient; and

17       G.      Eric Chan, as successor Trustee of the Nancy Wong Revocable Trust date June
18 21, 2005, and his attorney, Christie Fraser. It shall be the responsibility of counsel of record for
19 Defendant Cheuk Ping Wong to provide a copy of this Ordere to Mr. Chan and Ms. Fraser, to secure
20 their written acknowledgment to abide by the terms of this Order, and to provide each party's counsel
21 with a copy thereof.

22       H.      Michael Bonner, Esq., attorney for the Estate of Nancy Wong. It shall be the
23 responsibility of counsel of record for Defendant Cheuk Ping Wong to provide a copy of this Order
24 to Mr. Bonner, to secure his written acknowledgment to abide by the terms of this Order, and to
25 provide each party's counsel with a copy thereof.

26  6.     If any Party contends that any DOCUMENT which has been designated
27 CONFIDENTIAL should not be entitled to protection under this Protective Order for any reason, that
28 Party may present the issue for decision to the Court, provided that the Party designating the

DOCUMENT CONFIDENTIAL does not withdraw such designation within seven (7) days of being requested in writing by the non-designating Party that the CONFIDENTIAL designation of the DOCUMENT be withdrawn. If a receiving party wishes to have the designation of any particular Confidential Material removed or changed, that party shall first request that the designating party change its designation. Thereafter, the party challenging the designation and the designating party shall make good faith efforts to resolve the dispute. If the designating party refuses to agree to remove or change the designation, or if a non-party for whom the designation, in whole or in part, was intended to protect, refuses to agree to remove or change the designation, then the party challenging the designation may move the Court by formal motion for an order removing or changing the designation, provided however, that (1) the designating party shall have the burden of proving that such particular Confidential Material was properly designated, and (2) the challenging party shall have the burden to establish that (a) the Confidential Material is relevant to the action, (b) the information sought cannot be obtained from other sources, and (c) the disclosure of Confidential Material will not expose the designating party to contractual or tort liabilities to non-parties for whom the designation, in whole or in part, was intended to protect. At all times during the process of challenging a designation, the parties to this Stipulation shall treat the Confidential Material as originally designated until such time as the affected parties in writing agree otherwise or at the time of service of written notice of the Court's ruling on any motion to remove or change the designation of Confidential Material. No party shall be obligated to challenge the appropriateness of any confidentiality designation, and except as the Court may otherwise decree, the failure to do so shall not constitute a waiver of, or otherwise preclude, a challenge to the designation in another or subsequent action.

7. Any party desiring to file with the Court a DOCUMENT bearing the CONFIDENTIAL stamp described in Paragraph 2 above, shall do so pursuant to, and in compliance with, Rule 79-5 of the Local Rules of the United States District Court of the Northern District of California.

8. Any CONFIDENTIAL MATERIAL and its contents shall be used ONLY IN THIS ACTION, including any appeals in accordance with the limitations proscribed by this Protective

Order, and such CONFIDENTIAL MATERIAL shall not be used for any other purpose.

///

9. Upon final determination of this action, whether by judgment or otherwise, the counsel of record receiving any CONFIDENTIAL MATERIAL shall destroy all summaries and excerpts of such CONFIDENTIAL MATERIAL in his or her possession, and either destroy all said CONFIDENTIAL MATERIAL in his or her possession or return such CONFIDENTIAL MATERIAL to the counsel of record producing the CONFIDENTIAL MATERIAL.  Counsel shall provide designating counsel with a Declaration under oath certifying compliance with this requirement.

10. Neither the production of any CONFIDENTIAL MATERIAL nor testimony of any witness designated as CONFIDENTIAL shall be construed as, or deemed to be, (a) a waiver of confidentiality, any applicable privilege or protection from discovery, and/or (b) justification for further discovery.

11. Should any Party or his or her counsel of record be served with a subpoena which would require production of any CONFIDENTIAL MATERIAL ("SUBPOENA"), such counsel shall immediately notify counsel for the producing Party by telephone and fax and advise the entity subpoenaing the CONFIDENTIAL MATERIAL that there exists CONFIDENTIAL MATERIAL that is responsive, but that production of such CONFIDENTIAL MATERIAL to anyone not specifically permitted to review such CONFIDENTIAL MATERIAL is precluded by this Protective Order from being produced, disclosed, or discussed further.

12. In the event that the producing party objects to the production of CONFIDENTIAL MATERIAL by the Party served with the SUBPOENA, the producing Party shall respond to, and be responsible for, either: (a) filing with a Court of competent jurisdiction, a Motion quashing and/or modifying the SUBPOENA or some equivalent procedure in an administrative hearing, and obtaining an Order therefrom (such procedures shall collectively be referred to as the "Motion"); and/or (b) obtaining an agreement from the subpoenaing party staying, modifying, or quashing the SUBPOENA pending a ruling by a Court of competent jurisdiction on any Motion filed by the producing Party. The producing Party shall timely file the Motion, with a Court of competent jurisdiction and shall

1  serve the Motion on the individual or entity subpoenaing the CONFIDENTIAL MATERIAL, and
2  on the subpoenaed party.
3  ///
4      13.    If the producing Party files a Motion to Quash and/or modify the SUBPOENA as
5  described in paragraph 12, above, the subpoenaed party shall not produce any of the
6  CONFIDENTIAL MATERIAL which is the subject of the aforesaid Motion until: (a) it is ordered
7  by the Court hearing the aforesaid Motion to disclose the CONFIDENTIAL MATERIAL; or (b) the
8  aforesaid Motion is denied by the Court.
9      14.    This Protective Order may be amended or modified by this Court as the Court deems
10 necessary or appropriate under the circumstances of this case.  The Parties intend that the terms of
11 this Stipulation and Protective Order shall take effect upon its execution by counsel for the Parties
12 while pending approval by the Court.
13     15.    None of the restrictions set forth in this Order shall apply to any documents or
14 information that are in the public domain of become public knowledge ny means not in violation of
15 this Order. Nothing in this Order shall prevent a party from using any information that the party
16 properly possessed prior to receipt of any Confidential Material from the other party or from a non-
17 party, or that was independently discovered by the receiving party; however, any party having such
18 prior possession shall be bound by all laws regulating the disclosure or use of information known to
19 be the proprietary, private or confidential information of others, including any party hereto.
20     16.    The terms for treatment of Confidential Material pursuant to this Order shall be
21 effective upon complete execution of this document. Within five (5) days of such execution, this
22 document shall be submitted to the Court for approval and entry.
23     17.    This Order shall not abrogate or diminish any contractual, statutory, or other legal
24 obligation or right of any party or person with respect to Confidential Material.The fact that
25 information is marked with a confidentiality designation under this Order shall not be deemed to be
26 determinative of what a Court or trier of fact may determine to be confidential, private, proprietary,
27 or a trade secret. The fact that any information is disclosed, used or produced in any court proceeding
28 in this action with a confidentiality designation, shall not be offered in any action or proceeding

1  before any other court, agency or tribunal as evidence of, or concerning, whether or not such
2  information (a) is admissible, and/or (b) is in fact confidential, private, proprietary or a trade secret.
3  ///
4                        THOITS, HERSHBERGER, ET. AL.

6  Dated: _____, 2006        _____
                                Jeffrey Snyder, Esq., Attorneys for
7                               Defendant-in-Interpleader, CHEUK PING WONG
8                        LAW OFFICE OF ANDREW R. WIENER

10 Dated: _____, 2006        _____
                                Andrew R. Wiener, Attorney for
11                              Defendant-in-Interpleader, HARRY K. JEUNG

13                                **ORDER**
14     **THE COURT HEREBY ADOPTS THE ABOVE STIPULATION AS AN ORDER OF**
15 **THE COURT.**
16 Dated: August 21, 2006       _____
                                UNITED STATES DISTRICT JUDGE